## Couch v. Commonwealth.

Jan. 21, 1941.

Beverly White for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Dismissing appeal.

George Couch, with four others, was indicted for the murder of Wash Daniel in June, 1937. He was tried and found guilty in July, 1937. His punishment was fixed at life imprisonment. He is now attempting to prosecute an appeal from the judgment entered in July, 1937.

The record shows that, in due time, he tendered his bill of exceptions on December 17, 1937. It appears that certain orders, including one allowing Couch to prosecute his appeal in forma pauperis, were not entered of record. On December 8, 1939, an order was entered nunc pro tunc, allowing him to prosecute his appeal in forma pauperis. There appears on the bill of exceptions this notation, "Tendered Dec. 17, 1937, C. A. Bowman, Clerk. Filed Dec. 14, 1939, C. A. Bowman, Clerk." The following order was signed by the Judge of the Owsley Circuit Court on December 14, 1939, the 11th day of the December term:

"The former Official Stenographer of this Court, Gertrude Conley, having heretofore, on December 17th, 1937, tendered and offered to file the bill of exceptions and transcript of evidence herein, as shown by order heretofore entered, but having refused to

give up possession of same, and whereas the said bill of exceptions and transcript has now been surrendered into the custody of the clerk, and the court having examined, signed and approved same, it is now ordered that same be and is hereby approved and made a part of the record without being spread upon the order book. It is now certified that said bill of exceptions and transcript of evidence contains all of the evidence and instructions in this case."

The record shows that this order is entered in Order Book 3, p. 275. This same order is copied in the record again under the heading "Orders in Vacation, February 3rd, 1940, Book 3, page 275." The last page of the transcript of evidence, which is only referred to in the bill of exceptions, bears this notation, "Examined, approved and attested This February 3rd, 1940," over the signature of the Judge. This page of the transcript of evidence shows that some writing in ink has been scratched out in ink, and, as well as we can determine, the writing which has been partially obliterated states that the Judge examined, approved and attested the transcript of evidence on December 14, 1939.

The appeal was filed with the Clerk of this Court on April 2, 1940. The question is, was it filed in time? Subsection 4 of Section 336 of the Criminal Code of Practice provides:

"If time be given, beyond the term at which the judgment is rendered, to present a bill of exceptions, the transcript of the record may be filed in the clerk's office of the Court of Appeals, within sixty days after the bill of exceptions is made a part of the record."

Assuming that Couch did all that he could do when he tendered his bill of exceptions on December 17, 1937, and also the validity of the aforementioned order of December 14, 1939, we are forced to the conclusion that he did not file his appeal in time because more than 60 days passed before it was filed with the Clerk of this Court. If we count the time from the date of the vacation order, February 3, 1940, he would be in time by one day; but we are not disposed to consider this order because it is a mere duplicate of the order of December 14, 1939. The tendering, the approving and the making of the bill of

exceptions a part of the record took place at that time and not on February 3, 1940. If it be contended that the order of December 14, 1939, has not properly been made a part of the record, then neither has the bill of exceptions because they are attached together.

We have reached the conclusion, therefore, with some reluctance, that the appeal must be and it is dismissed.